**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

**GLOBAL WEATHER PRODUCTIONS, LLC,**

**Plaintiff,**

**v.** **3:25-CV-1309 (FJS/ML)**

**REZCUE SIGNALING LLC,**

**Defendant.**

---

| **APPEARANCES** | **OF COUNSEL** |
|---|---|
| **SRIPLAW, P.A.**<br>41 Madison Avenue - 25th Floor<br>New York, New York 10010<br>Attorneys for Plaintiff | **JORDAN ISAAC ABISROR, ESQ.**<br>**JOSEPH DUNNE, ESQ.** |
| **REZCUE SIGNALING LLC**<br>Defendant | **NO APPEARANCE** |

**SCULLIN, Senior Judge**

**MEMORANDUM-DECISION AND ORDER**

**I. BACKGROUND**

Plaintiff Global Weather Productions, LLC ("Plaintiff GWP") is a professional videography company. *See* Dkt. No. 1, Complaint, at ¶ 8. Plaintiff GWP manages and stores Michael Brandon Clement ("Clement")'s collection of copyrighted works and oversees the distribution of Clement's creative pieces to various individuals and organizations. *See id.* Plaintiff GWP was founded May 31, 2023, and Clement is the sole proprietor/owner of Plaintiff GWP. *See id.* at ¶ 11. Plaintiff GWP "owns the rights, titles, and interests of the Clement and Petramala's copyrighted Work." *See id.* at ¶ 12.

Clement is "an award-winning videographer and drone pilot who "has licensed content to hundreds of media outlets globally." *See id.* at ¶ 9. He has documented extreme weather for almost 30 years and "has been featured on Netflix, HBO and many other documentaries." *See id.* Clement's company, WxChasing, "has a well-established brand and large following on social media. . . . Clement has assisted with first responders, charities and regularly provides ground truth to the National Weather Service and major media outlets relaying vital information to the public." *See id.*

Jonathan Petramala ("Petramala") "is a professional storyteller and has a degree in journalism. He has a large social media network following documenting his stories during and after major weather events." *See id.* at ¶ 10. Petramala "has been a professional journalist for over 20 years and shifted his focus to extreme weather and storytelling in 2018." *See id.* "Since then, he has chased a variety of events, including flash floods, tornadoes, and hurricanes." *See id.*

In 2024, Plaintiff "created the film entitled '6-19-2024 Surfside Beach, TX Drone video of storm surge from PTC1'." *See* Complaint at ¶ 16 (film referred to as the "Work"). Clement and Petramala "transferred and assigned to GWP all of their rights, titles, and interests in the Work." *See id.* at ¶ 17. Plaintiff "GWP registered the Work with the Register of Copyrights on September 8, 2024, and was assigned registration number PA 2-496-320." *See id.* at ¶ 17 & Exhibit 1 attached thereto.

On or around May 4, 2025, Plaintiff GWP "discovered the unauthorized use of the Work on [Defendant's] Facebook Page. *See* Dkt. No. 10, Plaintiff's Memorandum of Law, at 5 (citing ECF 1, ¶ 25). Plaintiff asserts that Defendant "committed the infringement in connection with its business to advertise, market, and promote its business activities." *See id.* (citing [Complaint], ¶

29, Ex. 2; Clement Decl. ¶ 12). Plaintiff claims that "[f]urther infringement occurred when [Defendant] made additional copies and distributed the Work on the internet to promote Rezcue's social media pages, grow its social media subscriber bases, earn money from advertisi[]ng to its social media followers, and engage in other money-making business activities using [Plaintiff] GWP's copyrighted media content." *See id.* Plaintiff asserts that Defendant "has never been licensed to use the Work at issue in this action for any purpose, nor at any time did [Plaintiff] GWP give [Defendant] Rezcue permission or authority to copy, distribute or displace the Work." *See id.* at 5-6 (citing (ECF 1 ¶ 26, Clement Decl. ¶ 11).

On October 23, 2025, Plaintiff filed a request for a Clerk's entry of default against Defendant, *see* Dkt. No. 7, which the Clerk entered the same day, *see* Dkt. No. 8. On November 21, 2025, Plaintiff filed the pending motion for entry of a default judgment. *See* Dkt. No. 10.

Plaintiff contends that it is entitled to a default judgment because Defendant violated its "exclusive rights under the Copyright Act, 17 U.S.C. § 106, to reproduce, publicly perform, and distribute [Plaintiff]'s original copyrighted works of authorship." *See* Dkt. No. 10, Memorandum of Law, at 3. Therefore, Plaintiff seeks entry of a default judgment in the amount of $158,630.00, comprised of the following amounts: (1) statutory damages for Defendant's willful infringement in the amount of $150,000.00; (2) costs in the amount of $510.00; and (3) attorney's fees in connection with the prosecution of this action in the amount of $8,120.00. *See* Dkt No. 10, Memorandum of Law, at 12; Dkt. No. 10-2, Abisror's Declaration, at ¶ 8. In addition, Plaintiff seeks a permanent injunction enjoining Defendant from continuing to use Plaintiff's copyrighted material. *See* Dkt. No. 10, Memorandum of Law, at 12-15.

## II. DISCUSSION

### A. Liability

By failing to answer the complaint or oppose Plaintiff's motion for entry of a default judgment, Defendant is deemed to have admitted the factual allegations in the complaint. *See Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992) (noting that "a party's default is deemed to constitute a concession of all well pleaded allegations of liability" (citation omitted)).

Whether to enter a default judgment, however, is committed to the court's discretion. *See Greathouse v. JHS Sec. Inc.*, 784 F.3d 105, 116 (2d Cir. 2015) (citation omitted). "Even where a defendant has admitted all well-pleaded facts in the complaint by virtue of default, a district court 'need not agree that the alleged facts constitute a valid cause of action,' and may decline to enter a default judgment on that ground." *Sadowski v. Urbanspotlite LLC*, No. 1:22-cv-00887 (BKS/DJS), 2023 WL 2838376, *2 (N.D.N.Y. Apr. 7, 2023) (Sannes, C.J.) (quoting *City of New York v. Mickalis Pawn Shop, LLC*, 645 F.3d 114, 137 (2d Cir. 2011) (quoting *Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981))). In fact, "the Second Circuit has 'suggested that, prior to entering default judgment, a district court is "required to determine whether the [plaintiff's] allegations establish [the defendant's] liability as a matter of law."'" *Id.* (quoting [*Mickalis Pawn Shop*, 645 F.3d at 137] (quoting *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009))).

"The Copyright Act of 1976 grants copyright owners the exclusive right to reproduce their copyrighted work, to prepare derivatives of the work, and to sell copies of the work." *Feingold v. RageOn, Inc.*, 472 F. Supp. 3d 94, 98 (S.D.N.Y. 2020) (citations omitted); *see also*

17 U.S.C. §§ 106-122. To establish copyright infringement, a plaintiff must prove two elements: "'(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Arista Records LLC v. Doe 3*, 604 F.3d 110, 117 (2d Cir. 2010) (quoting *Feist Publications, Inc. v. Rural Telephone Service Co.*, 499 U.S. 340, 361, 111 S. Ct. 1282, 113 L. Ed. 2d 358 (1991)) (other citation omitted).

With regard to the first element, a "certificate of registration" made within five years after first publication of a work "constitute[s] prima facie evidence of the validity of the copyright[.]" 17 U.S.C. § 410(c). If a party proffers a certificate of copyright registration, "'the party challenging the validity of the copyright has the burden to prove the contrary.'" *Stern v. Lavender*, 319 F. Supp. 3d 650, 669 (S.D.N.Y. 2018) (quoting *Hamil Am. [Inc. v. GFI]*, 193 F.3d [92,] 98 [(2d Cir. 1999)]. In this case, Plaintiff alleges that it "registered the Work pursuant to 17 U.S.C. § 411(a) and was given a Certificate of Registration, Registration Number PA 2-496-320, issued on September 8, 2024." *See* Dkt. No. 10, Plaintiff's Memorandum of Law, at 8 (citing ECF 1, Ex. 1). Plaintiff has provided the Court with a copy of this Certificate of Registration, *see* Dkt. No. 1-1, and, therefore, has established ownership of a valid copyright. *See Kelly Toys Holdings, LLC v. alialialiLL Store*, 606 F. Supp. 3d 32, 50-51 (S.D.N.Y. 2022) (finding that the first element of copyright infringement was met on a default judgment motion where the plaintiff "allege[d] that it [was] the owner of U.S. Copyright Registration numbers covering" the works at issue), *report and recommendation adopted by* 606 F. Supp. 3d 32 (S.D.N.Y. 2022)).

Next, to establish the compliance element, "'the plaintiff must first show that his work was actually copied; second, he must establish a substantial similarity or that the copying amounts to an improper or unlawful appropriation.'" *Yague v. Visionaire Publ'g LLC*, No. 19-cv-11717 (LJL), 2021 WL 4894676, *1 (S.D.N.Y. Sept. 14, 2021) (quoting *Tufenkian Imp./Exp.*

*Ventures, Inc. v. Einstein Moomjy, Inc.*, 338 F.3d 127, 131 (2d Cir. 2003) (internal quotation marks omitted)).

In this case, Plaintiff alleges that it "has evidence showing Rezcue displaying GWP's copyrighted Work via their social media page for commercial purposes related to their business." *See* Dkt. No. 10, Plaintiff's Memorandum of Law, at 8 (citing ECF 1, ¶¶ 23-30, Ex. 2). Plaintiff argues that this shows how Defendant uploaded "the infringing work onto their [F]acebook page in pursuit of advertising their product." *See id.* (citing [ECF 1, ¶¶ 23-30, Ex. 2]). Thus, the Court finds that Plaintiff's "allegations [and Exhibit 2 to its Complaint, which displays exact copies of images from Plaintiff's copyrighted film] are sufficient to make out a claim for copyright infringement." *Yague*, 2021 WL 4894676, at *1 (citation omitted) (finding that the plaintiff's allegations established copyright infringement on a motion for default judgment where the work and the copied work were "identical").

**B. Damages**

"[I]t is well established that '[w]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" *Cement & Concrete Workers Dist. Council Welfare Fund, Pension Fund, Annuity Fund, Educ. & Training Fund and Other Funds v. Metro Found. Contractors Inc.*, 699 F.3d 230, 234 (2d Cir. 2012) (quoting *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155, 158 (2d Cir. 1992)). When considering a motion for default judgment, a court must "conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 111 (2d Cir. 1997)). "There must be an

evidentiary basis for the damages sought by plaintiff, and a district court may determine there is sufficient evidence . . . based . . . upon a review of detailed affidavits and documentary evidence." *Cement & Concrete Workers*, 699 F.3d at 234 (citing Fed. R. Civ. P. 55(b)(2); *Fustok*, 873 F.2d at 40).

***1. Statutory damages***

Plaintiff seeks to recover statutory damages for Defendant's willful infringement in the amount of $150,000. *See* Dkt. No. 10, Plaintiff's Memorandum of Law, at 12. Pursuant to the Copyright Act, a plaintiff may elect to recover an award of statutory damages, in lieu of actual damages, "in a sum of not less than $750 or more than $30,000 as the court considers just." 17 U.S.C. § 504(c)(1). Furthermore, when the court finds "that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000." 17 U.S.C. § 504(c)(2).

"When determining the amount of statutory damages to award for copyright infringement, courts consider the following factors to determine the amount of statutory damages: (1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties." *Bryant v. Media Right Prods., Inc.*, 603 F.3d 135, 144 (2d Cir. 2010) (citing *N.A.S. Impor. Corp. v. Chenson Enter., Inc.*, 968 F.2d 250, 252-53 (2d Cir. 1992)). Furthermore, "courts in this Circuit commonly award, in cases of non-innocent infringement, statutory damages of between three and five times the cost

of the licensing fees the defendant would have paid." *Broad Music, Inc. v. Prana Hosp. Inc.*, 158 F. Supp. 3d 184, 199 & n.12 (S.D.N.Y. Jan. 21, 2016) (collecting cases).

As an initial matter, Defendant's "[c]opyright infringement is deemed willful by virtue of [its] default." *Rovio Ent., Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 546 (S.D.N.Y. 2015) (citations omitted). In light of Defendant's willful infringement, the first, fifth, and sixth factors weigh against Defendant. *See Broad. Music, Inc. v. Metro Lounge & Café LLC*, No. 5:10-CV-1149 (NAM/ATB), 2013 WL 286361, *4 (N.D.N.Y. Jan. 24, 2013). In addition, the Court cannot evaluate the second factor because Defendant has not appeared in this action. *See Strike 3 Holdings, LLC v. Doe*, No. 18-cv-7323 (DRH) (SIL), 2021 WL 4896862, *3 (E.D.N.Y. Sept. 20, 2021) (noting that "it is impossible for the Court to ascertain what, if any, profits Defendant earned by infringing"), *report and recommendation adopted*, 2021 WL 4894161 (E.D.N.Y. Oct. 20, 2021). With regard to the third factor, Plaintiff has submitted the sworn declaration of Michael Clement, Plaintiff's sole proprietor, in which he states that "the Work was posted [by Defendant] and remained posted until at least September 17, 2025, or for fifteen months. Therefore, I would have charged [Defendant] a $45,000 license fee ($3,000 [cost of 30-day license] multiplied by 15 months." *See* Dkt. No. 10-1, Declaration of Michael Clement, at ¶ 16. Finally, the fourth factor weighs in favor of statutory damages beyond actual damages because "an award of statutory damages could deter future infringements by the Defendant and third parties." *Farrington v. Fingerlakes1.com, Inc.*, No. 19-CV-6802-FPG, 2020 WL 7350336, *6 (W.D.N.Y. Dec. 15, 2020) (citation omitted).

Having considered all of these factors, the Court finds that an award of $120,000.00 in statutory damages is reasonable. The Court also finds that this award of statutory damages serves the "compensatory and punitive" purposes of statutory damages. *Fitzgerald Publ'g Co.,*

*Inc. v. Baylor Publ'g Co., Inc.*, 807 F.2d 1110, 1117 (2d Cir. 1986) (citation omitted). Finally, the Court finds that this award is within the range of awards in similar cases involving willful infringement of copyrighted photographs. *See, e.g., Sadowski*, 2023 WL 2838376, at *4 (quadrupling the $1,800 annual license fee and awarding $7,200 in statutory damages); *Korzeniewski v. Sapa Pho Vietnamese Rest. Inc.*, No. 17-CV-5721-MKB-SJB, 2019 WL 312149, *8 (E.D.N.Y. Jan. 3, 2019) (awarding "just under five times [the licensing fee]where the defendant willfully infringed the plaintiff's copyrighted photo by posting the photo on its website without the plaintiff's consent), *report and recommendation adopted*, 2019 WL 291145 (E.D.N.Y. Jan. 23, 2019); *Nat'l Photo Grp., LLC v. Bigstar Ent., Inc.*, No. 13 Civ. 5467 (VSB) (JLC), 2014 WL 1396543, *4 (S.D.N.Y. Apr. 11, 2014) (awarding statutory damages of $9,000 for willful infringement of a photo with a $3,000 licensing fee), *report and recommendation adopted*, 2014 WL 5051275 (S.D.N.Y. Oct. 8, 2014).

***2. Attorney's fees and costs***

Plaintiff seeks $8,120.00 in attorney's fees and $510.00 in costs for a total of $8,630.00. *See* Dkt. No. 10-2, Declaration of Attorney Jordan I. Abisror, at ¶ 8. Under the Copyright Act, a "court in its discretion may allow the recovery of full costs by or against any party other than the United States," which may include "a reasonable attorney's fee to the prevailing party as part of the costs." 17 U.S.C. § 505. In determining the reasonableness of requested attorney's fees, "the Court begins by using the 'lodestar method' to calculate a 'presumptively reasonable fee.'" *McGlynn v. Cools, Inc.*, No. 19cv03520 (GBD) (DF), 2020 WL 6561658, *4 (S.D.N.Y. July 1, 2020) (quoting *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166 (2d Cir. 2011) (citation omitted)). "The lodestar is 'the product of a reasonable hourly rate and the reasonable number of hours

required by the case.'" *Id.* (quotation omitted). In the Second Circuit, there is a presumption in favor of the "forum rule," which requires courts to employ "'the hourly rates . . . in the district in which the reviewing court sits' in calculating the presumptive reasonable fee." *Simmons v. N.Y.C. Transit Auth.*, 575 F.3d 170, 174 (2d Cir. 2009) (quotation and other citations omitted). To rebut this presumption, a party seeking higher out-of-district rates "must make a particularized showing, not only that the selection of out-of-district counsel was predicated on experience-based, objective factors, but also of the likelihood that use of in-district counsel would produce a substantially inferior result." *Id.* at 176.

Courts may, after the initial calculation of the presumptively reasonable fee, adjust the total "when it 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'" *Lilly v. City of New York*, 934 F.3d 222, 230 (2d Cir. 2019) (quoting *Millea*, 658 F.3d at 167 (quoting *Perdue*, 559 U.S. at 554, 130 S. Ct. 1662)). "[T]he fee applicant has the burden of showing by 'satisfactory evidence -- in addition to the attorney's own affidavits' -- that the requested hourly rates are the prevailing market rates." *Farbotko v. Clinton Cty. of New York*, 433 F.3d 204, 209 (2d Cir. 2005) (quotation omitted).

In this case, Plaintiff's counsel submitted itemized billing records for the attorneys who worked on this case. See Dkt. No. 10-3. Having reviewed the billing records, the Court finds that 28.8 hours expended on this case, although on the high side, are reasonable for a motion for a default judgment in a copyright infringement case. *See Sadowski*, 2023 WL 2838376, at *5 (finding that 8.5 hours "is a reasonable number of hours required by a motion for default judgment in a copyright infringement case" (citing *Broad. Music, Inc. v. DeJohn's on Lark, Inc.*, No. 19-cv-637, 2020 WL 1986903, *6 (N.D.N.Y. Apr. 27, 2020) (finding 28.9 hours working on a motion for default judgment in a copyright infringement case reasonable); *Broad. Music, Inc. v.*

*Rider Rock's Holding LLC*, No. 16-cv-1398, 2017 WL 2992498, *3, 2017 U.S. Dist. LEXIS 109383 (N.D.N.Y. July 14, 2017) (finding 15.5 hours working on a motion for default judgment in a copyright infringement case reasonable)).

With regard to an appropriate hourly rate for this work, Plaintiff requests the following hourly rates: $300.00 per hour for Paralegal James; $450.00 per hour for Senior Associate Attorney Rollin; $350.00 per hour for Associate Attorney Abisror; $250.00 per hour for Paralegal Powell; and $250.00 per hour for Law Clerk Roditti. *See* Dkt. No. 10-3 at 3. Plaintiff argues that "[t]hese fees are reasonable because they reflect the market rate for services of similar quality and nature in the local area." *See* Dkt. No. 10-2, Abisror Declaration, at ¶ 9.

Although the Court may consider Plaintiff's counsel's experience in assessing a reasonable hourly rate, *see DeJohn's on Lark, Inc.*, 2020 WL 1986903, at *7 (collecting cases), the Court finds that Plaintiff's proposed hourly rates, which appear to be based on hourly rates for attorneys and paralegals in New York City, do not take into account the reasonable hourly rate for attorneys and paralegals in this District nor does Plaintiff argue that in-district counsel, who would receive a lower hourly rate, would produce a substantially inferior result. Thus, the Court concludes that, in calculating the reasonable hourly rate for Plaintiff's attorneys and paralegals who worked on this case, the Court will use the reasonable hourly rate for attorneys and paralegals with similar experience in this District.

In *Malik v. Ayryoga, Inc.*, No. 1:25-cv-00076 (AMN/MJK), 2025 WL 2029237 (N.D.N.Y. July 21, 2025), a court in this District noted that "'[a] review of cases in this District indicates that the following hourly rates (or rate ranges) are reasonable: $250-$350 for partners; $165-$200 for associates; and $80-$95 for paralegals, legal assistants, and other paraprofessionals.'" *Id. at *5* (quoting *UFCW Local One Health Care Fund v. Greene Great American*, 6:23-cv-1441

(BKS/MJK), 2025 WL 1506163, at *5 (N.D.N.Y. May 27, 2025)); *see also Gallagher v. United Court Sys. of State of New York*, 3:18-CV-1476 (GTS/ML), 2025 WL 3761760, *10 (N.D.N.Y. Dec. 30, 2025) (same).

Plaintiff's requested hourly rates are well in excess of these generally accepted reasonable rates. As a result, the Court finds that reductions are warranted as follows: a rate of $200 for Attorney Rollin (despite the fact that no specific information has been provided about his experience although he has the designation of "Senior Associate"); a rate of $165 for Attorney Abisror (based on the statement in ¶ 3 of his Declaration that he has been practicing law since 2024); a rate of $95 for Paralegal James (despite the fact that although no specific information has been provided about his/her experience, Plaintiff has requested an hourly rate higher than the hourly rate requested for Paralegal Powell and Law Clerk Roditti); and a rate of $80 for Paralegal Powell and Law Clerk Roditti (in light of the fact that no specific information has been provided about their experience). With these adjustments, the Court reduces the total amount of attorney's fees to $2,995.50.

Finally, Plaintiff seeks $510.00 in costs, which is comprised of (1) $105.00 for proof for service of Summons and Complaint on Defendant and (2) $405.00 for filing fee for complaint. Plaintiff's billing records and the docket report substantiate these costs. Therefore, the Court finds that Plaintiff is entitled to recover these costs. *See Sadowski*, 2023 WL 2838376, at *6 (citing *Sony BMG Music Ent. v. Larkin*, 08-cv-702, 2009 WL 2176641, at *2, 2009 U.S. Dist. LEXIS 62616 (N.D.N.Y. July 22, 2009) (awarding $480 for filing and service fees)).

Accordingly, the Court concludes that Plaintiff is entitled to recover a total of $3,505.50 in attorney's fees and costs.

***3. Injunctive relief***

Plaintiff seeks a permanent injunction against Defendant under the Copyright Act. *See* Dkt. No. 10, Memorandum of Law, at 14-15.

"A court 'may issue an injunction on a motion for default judgment provided that the moving party shows that (1) it is entitled to injunctive relief under the applicable statute and (2) it meets the prerequisites for the issuance of an injunction.'" *Kingvision Pay-Per-Views Ltd. v. Lalaleo*, 429 F. Supp. 2d 506, 516 (E.D.N.Y. 2006) (quoting *Main Events/Monitor Prods. v. Batista*, No. 96-CV-5089, 1998 WL 760330, at *1 (E.D.N.Y. Aug. 26, 1998)). Under the Copyright Act, a court may grant "final injunctions on such terms as it may deem reasonable to prevent or restrain infringement of a copyright." 17 U.S.C. § 502(a). A plaintiff who seeks an injunction must show the following:

> "(1) that it has suffered an irreparable injury; (2) that remedies available at law, such as monetary damages, are inadequate to compensate for that injury; (3) that, considering the balance of hardships between the plaintiff and defendant, a remedy in equity is warranted; and (4) that the public interest would not be disserved by a permanent injunction."

*Salinger v. Colting*, 607 F.3d 68, 77 (2d Cir. 2010) (quoting *eBay, [Inc. v. MercExchange, L.L.C.,]* 547 U.S. [388,] 391, 126 S. Ct. 1837[, 164 L. Ed. 2d 641 (2006)]) (noting that the *eBay* standard applies to copyright injunctions). "'Generally, a plaintiff must show the threat of [a] continuing violation in order to be entitled to injunctive relief.'" *Barrera v. Brooklyn Music, Ltd.*, 346 F. Supp. 2d 400, 412-13 (S.D.N.Y. 2004) (quotation omitted).

All of these factors weigh in favor of granting Plaintiff's request for a permanent injunction enjoining Defendant from infringing the registered copyright of the Work at issue in this case. First, Plaintiff has alleged and offered evidence that Defendant infringed its copyright, causing irreparable injury to Plaintiff. *See Rovio Ent. Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d

536, 547 (S.D.N.Y. 2015) (finding that the plaintiff suffered irreparable injury where it obtained a default judgment that the defendant infringed its copyright and trademark). Furthermore, "Defendant's ability to continue [its] infringement absent an injunction shows that monetary damages are insufficient to provide Plaintiff with relief." *Malibus Media, LLC v. Doe*, No. 18-cv-0055 (DRH) (SIL), 2020 WL 2770921, *4 (E.D.N.Y. Apr. 20, 2020) (citing *Rovio Entm't, Ltd.*, 97 F. Supp. 3d at 547 (finding monetary damages insufficient to provide relief where there existed a danger that defendant might continue infringing), *report and recommendation adopted by* 2020 WL 2769412 (E.D.N.Y. May 28, 2020). Moreover, the balance of hardships favors Plaintiff because "'[i]t is axiomatic that an infringer . . . cannot complain about the loss of ability to offer its infringing product.'" *McGraw-Hill Glob. Educ. Holdings, LLC v. Khan*, 323 F. Supp. 3d 488, 500 (S.D.N.Y. 2018) (quoting *Rovio Entm't., Ltd. v. Allstar Vending, Inc.*, 97 F. Supp. 3d 536, 547 (S.D.N.Y. 2015)). Finally, a permanent injunction would not disserve the public interest because "'the public has a compelling interest in protecting copyright owners' marketable rights to their work' so as to 'encourage the production of creative work.'" *Beastie Boys v. Monster Energy Co.*, 87 F. Supp. 3d 672, 679 (S.D.N.Y. 2015) (quoting *WPIX, Inc. v. ivi, Inc.*, 691 F.3d 275, 287 (2d Cir. 2012) (citing, *inter alia*, *Golan v. Holder*, ___ U.S. ___, 132 S. Ct. 873, 890, 181 L. Ed. 2d 835 (2012); *Metro-Goldwyn-Mayer Studios*, 545 U.S. at 961, 125 S. Ct. 2764)).

For all these reasons, the Court grants Plaintiff's motion for a permanent injunction insofar as it seeks to enjoin Defendant,

> its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries, and all those in active concert and participation with Rezcue, prohibiting them from (a) directly or indirectly infringing GWP's copyright of the Work at issue in this case or continuing to market, offer, sell, dispose of, license, lease, transfer, publicly display, advertise, reproduce, develop, or

> manufacture any works derived or copied from GWP's copyrighted video at issue in this case or to participate or assist in any such activity; and (b) directly or indirectly reproducing, displaying, distributing, otherwise using, or retaining any copy, whether in physical or electronic form, of the Work or infringing GWP's copyright of the Work at issue in this case.

**C. Prejudgment Interest**

Plaintiff seeks prejudgment interest. *See* Dkt. No. 10, Memorandum of Law, at 15-17.

"'First, "[t]he Copyright Act neither allows nor prohibits an award of pre-judgment interest, and the issue of the permissibility of pre-judgment interest is unresolved in this Circuit."'" *Automotive Lift Institute, Inc. v. Autokato Engineering, Ltd.*, 5:25-CV-106 (FJS/TWD), 2026 WL 279825, *5 (N.D.N.Y. Feb. 3, 2026) (quoting *Hart v. Kitchen Infinity, Inc.*, No. 24-CV-05031 (JMA) (AYS), 2025 WL 2576675, *5 (E.D.N.Y. Sept. 5, 2025) (quoting *Capitol Recs., Inc. v. MP3tunes, LLC*, No. 07-CV-09931, 2015 WL 13684546, at *4 (S.D.N.Y. Apr. 3, 2015))).

"'As the authority to grant prejudgment interest is not clear -- and Plaintiff did not address the issue in its brief [other than to note that "the permissibility of pre-judgement interest for copyright cases is unresolved in the Second Circuit, however Districts have tended to favor awarding the interest] -- the Court is not inclined to grant that relief.'" *Automotive Lift Institute, Inc.*, 2026 WL 279825, at *5 (quoting [*Hart*, 2025 WL 2576675, at *5]) Moreover, "'even if the Court were inclined to consider the request, Plaintiff would not qualify for pre-judgment interest under either of the two methodologies applied by courts in the Second Circuit.'" *Id.* (quoting [*Hart*, 2025 WL 2576675, at *5]). "'Under one regime, applications for "pre-judgment interest should be reserved for 'exceptional' circumstances."'" *Id.* (quoting [*Hart*, 2025 WL 2576675, at *5]). The Court concludes, and Plaintiff does not argue to the contrary, that there is nothing

exceptional about this case. "Under the second method, 'courts rely on prejudgment interest as a tool "to help deter willful copyright infringement."'" *Id.* (quoting [*Hart*, 2025 WL 2576675] (quotation omitted)). Given the facts of this case, the Court finds that the substantial award of statutory damages is sufficient to deter any further infringement. Therefore, the Court denies Plaintiff's request for prejudgment interest.

## III. CONCLUSION

Accordingly, having reviewed the entire file in this matter, Plaintiff's submissions and the applicable law, and for the above-stated reasons, the Court hereby

**ORDERS** that Plaintiff's motion for entry of a default judgment, *see* Dkt. No. 10, is **GRANTED**; and the Court further

**ORDERS** that the Clerk of the Court is directed to enter judgment in Plaintiff's favor against Defendant as follows:

> (1) statutory damages in the amount of $120,000.00;
>
> (2) attorney's fees in the amount of $2,995.50;
>
> (3) costs in the amount of $510.00;
>
> (4) a permanent injunction, as set forth above, enjoining Defendant from infringing on Plaintiff's copyright of the Work; and
>
> (5) post-judgment interest at the rate set forth in 28 U.S.C. § 1961, which shall run from the date that the Court enters judgment in this case until the date payment is made in full;

and the Court further

**ORDERS** that Plaintiff shall serve a copy of this Memorandum-Decision and Order on Defendant by regular mail at Defendant's last known address and file a certificate of service upon completion of such service.

**IT IS SO ORDERED.**

Dated: September 28, 2026
Syracuse, New York

Frederick J. Scullin, Jr.
Senior United States District Judge